BONNIE MAE BAIN,                    )
                                   )
         Plaintiff/Appellee,       )         Appeal No.
                                   )         01-A-01-9611-CV-00510
v.                                 )
                                   )         Rutherford Circuit
CITY OF MURFREESBORO,              )         No.    31466
TENNESSEE,                         )
                                   )
         Defendant/Appellant.      )

**FILED**

**June 11, 1997**

**Cecil W. Crowson
Appellate Court Clerk**

COURT OF APPEALS OF TENNESSEE

MIDDLE SECTION AT NASHVILLE

APPEAL FROM THE CIRCUIT COURT FOR RUTHERFORD COUNTY

AT MURFREESBORO, TENNESSEE

THE HONORABLE ROBERT CORLEW, CHANCELLOR

JOSEPH H. JOHNSTON
P. O. Box 120874
Nashville, Tennessee  37212
         ATTORNEY FOR PLAINTIFF/APPELLEE


ALAN T. FISTER
Stewart, Estes & Donnell
424 Church Street, 14th Floor
Nashville, Tennessee  37219
         ATTORNEY FOR DEFENDANT/APPELLANT

AFFIRMED AND REMANDED

SAMUEL L. LEWIS, JUDGE

# MEMORANDUM OPINION[1]

This is an appeal by defendant/appellant, the City of Murfreesboro ("the City"), from the decision of the Rutherford County Circuit Court awarding $27,036.10 to plaintiff/appellee, Bonnie Mae Bain, for injuries suffered by Ms. Bain as a result of negligence on the part of two of the City's police officers. The facts out of which this matter arose are as follows.

Murfreesboro Police Officer Lannye Winnett, now deceased, was on foot patrol at the January Street Housing Projects on 15 February 1992. Officer Winnett went to Ms. Bain's apartment because nearby residence were complaining of noise. Officer Winnett was unable to convince Ms. Bain to cooperate and determined she was under the influence of an intoxicant. Officer Winnett called for backup. Officer Billy Gay arrived on the scene and stood some distance from Ms. Bain's front door. Ms. Bain stood in the doorway and supported herself by holding onto the handle of the screen door. Officer Gay observed Ms. Bain and heard her yelling and screaming, but was unable to determine whether Ms. Bain was intoxicated. Officer Winnett was standing ten to fifteen feet to Ms. Bain's right. Officer Winnett did not tell Officer Gay that Ms. Bain was drunk. In addition, neither officer knew Ms. Bain suffered a mental disability or lack of coordination.

Without discussing it with Officer Winnett, Officer Gay decided to arrest Ms. Bain. He went to the door, pulled the screen door open, and took Ms. Bain by the left arm. Ms. Bain fell and sustained injuries to her face and shoulder. The officers testified Ms. Bain did not attempt to break her fall by putting her right arm forward or by bending her knees. Officer Gay instinctively pulled back on Ms. Bain's arm as she fell to break her fall. Officer Gay took Ms. Bain to the emergency room where doctors treated Ms. Bain for a broken nose and dislocated shoulder. The emergency room physician performed a blood alcohol test which revealed Ms. Bain's blood alcohol level was .18. Officer Gay then transported Ms. Bain to the local jail.

---

[1]Court of Appeals Rule 10(b):
The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion, it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

A court later convicted Ms. Bain of public drunkenness and disorderly conduct.

Subsequently, a number of doctors treated Ms. Bain at Middle Tennessee Medical Center, Baptist Hospital, and Vanderbilt Medical Center. Her medical bills totaled $12,594.80. Doctor John Lamb performed surgery on Ms. Bain's shoulder. Doctor Lamb rated Ms. Bain's disability to her arm before the incident at ten to twelve percent and at ten to fifteen percent after the surgery.

Ms. Bain filed her complaint on 11 February 1993. She named the City of Murfreesboro, Officer Winnett, Officer Gay, and Officer John Doe as defendants. She alleged the officers were negligent and the City was liable for the officers' negligence. The City and Officers Winnett and Gay filed an answer. The answer included an assertion that the City did not employ an Officer John Doe. The answering defendants claimed they were immune, the Governmental Tort Liability Act limited Ms. Bain's recovery, and Ms. Bain was comparatively negligent. By agreed orders entered 29 January 1996, the court dismissed the claims against Officers Winnett and Gay individually.

The court entered a detailed order after hearing the case. The court made the following findings:

> It appears to the Court that as the Plaintiff stood at the door to her residence, with the screen door partially open, holding onto that door, that she was in fact using the door to support herself. When Officer Gay approached the Plaintiff without otherwise making his presence known, it appears that the Plaintiff was startled, the screen door was moved forward by the officer, and the officer took the Plaintiff by the arm. As previously stated, the Court finds that the evidence preponderates in favor of a finding that the officer also pulled the Plaintiff's arm slightly forward. All of these factors, combined with the Plaintiff's disabilities which manifest themselves in lack of coordination, plus the effect of alcoholic beverages which the Plaintiff had consumed, all contributed to the Plaintiff's fall. The Court finds that there was no intention whatsoever on the part of either of the officers to inflict any harm or injury to the Plaintiff. The Court finds, however, based upon the evidence, that the officer was negligent in his dealing with the Plaintiff.
>
> It is not the finding of the Court that the City or its police officers are insurers of the safety of a person who is placed under arrest. At the same time, officers working together at the scene

where an individual is placed under arrest have a duty to communicate with each other in a manner consistent with the circumstances which are found at the scene, for the safety of each other, the safety of the individual arrested, and the safety of such victims and bystanders as may be present at the scene. In addition to a duty to communicate with each other, officers have a duty to observe such circumstances as may be apparent and in their plain view. They have a duty to draw such conclusions from the evidence before them as might be drawn by a reasonable police officer with the experience and training possessed by the officer whose duties are being determined. Further such officers have a duty to recognize circumstances in which a person arrested may face, including drunkenness, incapacity, or infirmities of either advanced age or tender years to the extent that such may be open and obvious. Officers further have the duty not to take actions which, under all of the circumstances, reasonably would place the arrested individual in a position of potential danger. . . . [I]n the present case, it appears that the officer in question had a duty to recognize the Plaintiff's condition being under the influence of an intoxicant, and consider that given the agitated state in which he found the Plaintiff, she might in fact have been unstable on her feet, and that she might be inclined to fall were the door which she was holding to be pulled forward and a hand however gently placed upon her arm pulling her forward, however slightly.

In the end, the court concluded both parties had acted negligently and allocated sixty-five percent of the fault to the City and thirty-five percent of the fault to Ms. Bain. As a result of these findings, the court awarded Ms. Bain $27,036.10 in damages. The court also ordered Ms. Bain to provide a proper individual for the court to entrust with Ms. Bain's damages for Ms. Bain's benefit. The City filed a timely notice of appeal.

The City has raised six issues. We are of the opinion, however, that the evidence fully supports the findings of the trial court. There is no error in the findings of fact, and there is no error in the court's determination of the law.

Therefore, we affirm the judgment of the trial court in all respects and remand the case to the trial court for further necessary proceedings. Costs on appeal are taxed to defendant/appellant, the City of Murfreeboro.

_____
SAMUEL L. LEWIS, JUDGE

CONCUR:

_____
BEN H. CANTRELL, JUDGE

_____
WILLIAM C. KOCH, JR., JUDGE